
FILED
JAN 02 2012
Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| RICHARD W. GILLINGHAM,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD;<br>ATTORNEY GENERAL OF THE<br>STATE OF MONTANA,<br><br>Respondent. | Cause No. CV 12-162-M-DLC-JCL<br><br><br>FINDINGS AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE |

On December 28, 2012, Petitioner Gillingham moved the Court for immediate release on his own recognizance so that he can prove his innocence in support of his a petition for writ of habeas corpus.

The Ninth Circuit has not decided whether a district court has the authority to release a state prisoner on bail while a habeas petition is pending. *In re Roe*, 257 F.3d 1077, 1079-80 (9th Cir. 2001) (per curiam). Assuming it does, "[b]ail pending a decision in a habeas case is reserved for extraordinary cases involving special circumstances or a high probability of success." *Land v. Deeds*, 878 F.2d 318, 318-19

(9th Cir. 1989) (per curiam). This limitation reflects the fact that, "when the process of direct review ... comes to an end, a presumption of finality and legality attaches to the conviction and sentence." *Barefoot v. Estelle*, 463 U.S. 880, 887-88 (1983); *see also Johnson v. Zerbst*, 304 U.S. 458, 468-69 (1938) ("When collaterally attacked, the judgment of a court carries with it a presumption of regularity.").

Gillingham's petition is in the prescreening process. The petition indicates no circumstances that are extraordinary among habeas petitions. Even assuming release on bail could be awarded, this case does not merit it.

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

Gillingham's motion for release (doc. 6) should be DENIED.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Gillingham may serve and file written objections to this Findings and Recommendation within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. If Gillingham files objections, he must itemize each factual finding to which objection is made and must identify the evidence in the record he relies on to contradict that finding; and he must itemize

each recommendation to which objection is made and must set forth the authority he relies on to contradict that recommendation. Failure to assert a relevant fact or argument in objection to this Findings and Recommendation may preclude Gillingham from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Gillingham must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this 2d day of January, 2013.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge