IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| RICHARD W. GILLINGHAM, | Cause No. CV 12-162-M-DLC-JCL |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |
| LEROY KIRKEGARD; ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondent. | |

On October 2, 2012, Richard W. Gillingham filed this action seeking a writ of habeas corpus under 28 U.S.C. § 2254. He is a state prisoner proceeding pro se.

Gillingham claims he was not convicted of anything and so cannot be legally in custody. On January 3, 2013, the State was ordered to file a certified document showing Gillingham was convicted in 1993 of an offense against the laws of the State of Montana. It complied on January 15, 2013.

The State filed a certified copy of a Judgment against Gillingham entered on August 6, 1993. It shows that he pled guilty on April 7, 1993, to four counts of

1

felony sexual assault and one count of felony assault. On August 6, 1993, he was sentenced to serve ten years on each count, all consecutive. Judgment (doc. 10-1) at 1-3.

The existence of this judgment adequately disproves Gillingham's claim that he was not convicted of anything. *See* Pet. (doc. 1) at 1-2; Mot. for Order (doc. 6) at 4-5. In an incidental way, Gillingham also claims that the Parole Board has denied him access to executive clemency. Mot. for Order at 8 ¶ 12(F)(3). But the Board heard his application in June 2010 and denied it. *See* Final Board Dispositions June 2010 at 7, *available at* bopp.mt.gov/hearings/2010_final_board_dispositions.mcpx (accessed Jan. 16, 2013). That is the Board's role and prerogative in non-capital cases. Mont. Code Ann. § 46-23-301(3); Mont. Admin. R. 20.25.901(3);[1] *see also Ohio Adult Parole Authority v. Woodard*, 523 U.S. 272, 276 (1998).

The petition should be denied. A certificate of appealability is not warranted because Gillingham's claims are frivolous. 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Based on the foregoing, the Court enters the following:

---

[1] This Rule has recently been amended, but not in any respect material to this case.

## RECOMMENDATION

1. The Petition (doc. 1) should be DENIED.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Gillingham may serve and file written objections to this Findings and Recommendation within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. If Gillingham files objections, he must itemize each factual finding to which objection is made and must identify the evidence in the record he relies on to contradict that finding; and he must itemize each recommendation to which objection is made and must set forth the authority he relies on to contradict that recommendation. Failure to assert a relevant fact or argument in objection to this Findings and Recommendation may preclude Gillingham from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation. Failure to

timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Gillingham must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this 16th day of January, 2013.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge