
FILED

MAR 19 2013

Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| RICHARD W. GILLINGHAM, | ) | CV 12-162-M-DLC-JCL |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| LEROY KIRKEGARD; | ) | |
| ATTORNEY GENERAL OF THE | ) | |
| STATE OF MONTANA, | ) | |
| | ) | |
| Respondents. | ) | |

United States Magistrate Judge Jeremiah Lynch issued Findings and

Recommendations recommending denial of Petitioner Richard Gillingham's petition

seeking a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 11.) Judge Lynch

also recommended denial of Petitioner's motion for release. (Doc. 7.) Petitioner

timely filed objections and is therefore entitled to de novo review of the specified

1

findings and recommendations to which he objects. 28 U.S.C. § 636(b)(1). The portions of the Findings and Recommendations not specifically objected to will be reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Because the parties are familiar with the procedural and factual background of this case, it will not be restated here.

Petitioner moved for immediate release pending the outcome of his habeas petition. (Doc. 6.) Judge Lynch recommended denying the motion because his petition did not demonstrate any circumstances that are extraordinary among habeas petitions. (Doc. 7.) Petitioner did not object to this recommendation and it will be adopted.

Petitioner's objections merely reiterate the arguments raised in his habeas petition–that the judgment issued in his 1993 state court proceeding does not accurately reflect his memory of the sentencing hearing. Petitioner seeks to present oral arguments to the Court and to be appointed counsel. He again demands a transcript of the sentencing hearing because he asserts it will refute the judgment filed by the state in this case. As Judge Lynch pointed out, the existence of the state court judgment (doc. 10-1) disproves Petitioner's contention that he was not convicted of any crime. The judgment indicates Petitioner pled guilty to five counts and was sentenced to ten years on each count to run consecutively, although the sentences

were suspended and Petitioner was placed on probation pending transportation by Immigration and Naturalization Services. The judgment called for Petitioner's deportation to Canada to allow Canadian authorities to file charges against him. His deportation was a part of his sentence and the terms of his probation, and it does not nullify the sentence of suspended imprisonment rendered against him. Judge Lynch correctly found that Petitioner was convicted of multiple felonies in State court and his habeas petition lacks merit.

Petitioner's motion to appoint counsel will be denied. There is no absolute right to appointment of counsel in habeas proceedings. *Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir.1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." Rule 8(c), Fed. R. Governing § 2254 Cases. The Court does not find that the interests of justice would be served by the appointment of counsel in this case because Petitioner's claims are frivolous. Accordingly, petitioner's motion for appointment of counsel will be denied.

Petitioner also seeks leave to amend his habeas petition under Federal Rule of Civil Procedure 15(a). (Doc. 14.) Rule 15(a) provides:

a) Amendments Before Trial.
    (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:

(A) 21 days after serving it, or
(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
(2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.
(3) Time to Respond. Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later.

Petitioner moved to amend after Judge Lynch issued findings and recommendation to dismiss his petition so he is not granted an amendment as a matter of course. Petitioner wishes to present arguments based on alleged grounds of probation revocation including constitutional violations. Petitioner raised the issue of his probation revocation in his motion for order granting interim relief (doc. 6). All of Petitioner's claims, including those related to probation, fail in light of the state court judgment as discussed previously. Further, Petitioner's conclusory statements alleging constitutional violations on the grounds of probation revocation do not provide sufficient facts to state a claim upon which relief may be granted. Amendment of the petition in this case would be futile based on the state court judgment and the motion to amend will be denied.

After a review of Judge Lynch's Findings and Recommendations, I find no clear error. Accordingly,

IT IS HEREBY ORDERED that Judge Lynch's Findings and Recommendations to deny Petitioner's motion for release (doc. 7) are adopted in full. The motion for order granting interim release (doc. 6) is DENIED.

IT IS FURTHER ORDERED that Judge Lynch's Findings and Recommendations to deny Petitioner's petition for writ of habeas corpus (doc. 11) are adopted in full. The Petition (doc. 1) is DENIED and the clerk of court is directed to enter by separate document a judgment in favor of Respondents and against Petitioner. A certificate of appealability is DENIED because Petitioner's claims are frivolous.

IT IS FURTHER ORDERED that Petitioner's motion for leave to amend (doc. 14) is DENIED.

IT IS FURTHER ORDERED that Petitioner's motion to appoint counsel (doc. 16) is DENIED.

DATED this 18th day of March, 2013.

Dana L. Christensen, District Judge
United States District Court